UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-23737-MC-LENARD/GOODMAN

SEQUIP PARTICIPAÇÕES S.A.,

    Plaintiff,

v.

PAULO ROBERTO MARINHO,

    Defendant.
_____/

## SUPPLEMENTAL DISCOVERY ORDER

Plaintiff Sequip Participações, S.A. filed this action to enforce an arbitration award against Defendant Paulo Marinho. [ECF No. 1]. Shortly after, United States District Judge Joan A. Lenard granted Sequip's *ex parte* motion for a prejudgment writ of attachment, finding, among other things, that Marinho had been hiding and fraudulently transferring potentially executable property. [ECF No. 16].

Marinho then moved to dismiss this case for lack of personal jurisdiction. [ECF No. 35]. Sequip, in turn, after conferring with Marinho, filed an unopposed motion for jurisdictional discovery and to set a briefing schedule on the motion to dismiss. [ECF No. 38]. Judge Lenard granted the unopposed motion and referred all discovery matters to the Undersigned. [ECF Nos. 40; 51].

Several discovery disputes followed; at issue here is a discovery dispute that took

place on March 31, 2017. During the hearing, the Undersigned took up a dispute concerning an interrogatory that sought to elicit where proceeds from the sale of certain property had gone. [ECF No. 97, p. 48]. On the record, the Undersigned reworded the interrogatory to read: "Describe where the proceeds of the October 29, 2010 sale of Unit 15221B went and how you used any of the proceeds." [ECF No. 97, p. 50].

In response, Marinho's counsel expressed concern about the use of discovery. He argued that discovery was meant to uncover whether the Court has personal jurisdictional over Marinho and that if too much information was given concerning bank accounts, then "we are outside of jurisdictional discovery and we're into collection issues." [ECF No. 97, p. 51]. To alleviate the concern, the Undersigned proposed to add the following sentence to the interrogatory: "The interrogatory calls for an explanation of where the sales proceeds went. Period." [ECF No. 97, p. 52].

But Marinho's counsel continued voicing distress about the ruling going "way beyond discovery." [ECF No. 97, p. 53]. He explained that he and opposing counsel "already have an agreement regarding confidentiality that what they get in jurisdictional discovery *can only be used in jurisdictional discovery for now*," adding that "they have taken the position in that agreement that they're going to fight about that later." [ECF No. 97, p. 53 (emphasis added)]. Marinho's counsel also accused Sequip of "using this litigation as a stalking horse to do other things around the world." [ECF No. 97, p. 53].

Understanding the concern, the Undersigned explained (with an illustrative example) that the interrogatory answer need only reveal "the first step of where the proceeds went to, but not every other subsequent step." [ECF No. 97, pp. 53–55]. Marinho's counsel remained troubled with the possibility of jurisdictional discovery turning into collection actions: "identifying a bank and a bank account would be -- we both know that that immediately allows a writ of garnishment. And so, now, all of a sudden, we get into collection." [ECF No. 97, p. 55]. He argued that "limited jurisdictional discovery" should not "stray over into the merits," particularly where Sequip had yet to establish that the Court has personal jurisdiction over Marinho. [ECF No. 97, p. 57].

At this point, Sequip's counsel chimed in. He did not bring up the prejudgment writ of attachment. Nor did he argue that he could use the jurisdictional discovery to execute on assets. Quite the opposite, Sequip's counsel represented that Sequip was not seeking discovery for collection purposes:

> *We are **not** seeking information to execute on assets*. We're not looking for that.
>
> What we're looking for is information about Mr. Marinho's activities, his ownership interests here. And we believe that this interrogatory, as your Honor has rephrased it, gets just at that.
>
> And whether -- it would be very relevant if the funds went to Mr. Marinho's wife or if it went to a British Virgin Islands company like Blue Palm, or North Challenge, or the other holding companies that he operates.
>
> And that's why we are seeking this information and I believe that's fair.

3

[ECF No. 97, p. 58 (emphasis added)].

Thus, I said that I would, in the post-discovery hearing administrative Order, add language to the effect that jurisdictional discovery could be used only to litigate the motion to dismiss, and not for other purposes, including collection and execution:

> So here's what I'm going to do. I'm going to include the following in my order. And this will not just relate to interrogatory 8, but it will relate to all discovery responses, whether they be documents or interrogatories.
>
> The discovery provided by Mr. Marinho may be used only for purposes of the litigating the personal jurisdiction issue underlying the motion to dismiss.
>
> Plaintiff or petitioner may not use this discovery information for any other purpose, including collection or execution on a judgment.

[ECF No. 97, pp. 58–59].

The Undersigned then issued a post-discovery hearing administrative Order, which included the promised language:

> Concerning all discovery responses, the discovery provided by Mr. Marinho may be used only for purposes of litigating the personal jurisdiction issue underlying the motion to dismiss in this case. Plaintiff may not use this discovery information for any other purpose, including collection or execution on a judgment. Therefore, to provide one example, Plaintiff will not be able to pursue collection proceedings against a bank account in another country merely because Mr. Marinho listed, in response to an interrogatory, that the proceeds of the sale of a unit from a Miami Beach sale in 2010 went to that overseas bank.

[ECF No. 81, pp. 3–4].

Sequip filed several objections to the Undersigned's post-discovery hearing

administrative Order. [ECF No. 87]. Pertinent here, Sequip objected to the limited use of jurisdictional discovery, arguing that, "[a]s worded, the order would preclude Sequip from executing against assets that Mr. Marinho mentioned in discovery, *even if Sequip defeats Mr. Marinho's motion to dismiss and obtains judgment against him*." [ECF No. 87, p. 7].

In response, Marinho's counsel pointed out that the limit on the use of jurisdictional discovery was consistent with his previous understanding with Sequip's counsel about the use of discovery. [ECF No. 90, p. 4]. Marinho's counsel included as an exhibit an email chain from January 2017, in which Sequip's counsel said that "absent court order or your agreement, we agree to use the documents *only for jurisdictional purposes*. Should we wish to use them at any time [sic] to use them for any other purpose, *we will seek your prior agreement or a court order to that effect*." [ECF Nos. 90, p. 4; 90-1, p. 2 (emphasis added)].

In its reply, Sequip stated that "[t]he agreement of January 31, 2017 raised by Mr. Marinho has no effect on Sequip's ability to proceed with prejudgment attachments." [ECF No. 91, p. 3]. Sequip continued, "That agreement was only to 'seek [Mr. Marinho's counsel's] prior agreement or a court order' if Sequip wished to use any information for another purpose. Sequip is doing that *now* by seeking a court order." [ECF No. 91, p. 3 (emphasis added)].

Sequip also posited that, "[o]f course, if Sequip's lawsuit is dismissed, Sequip will

5

not use the discovery obtained in collection efforts in Florida." [ECF No. 91, p. 2]. But Sequip continued that it should "be allowed to protect its interests—at this stage not to collect, but to attach—and once judgment is entered in its favor, to collect against Mr. Marinho's Florida assets." [ECF No. 91, p. 2].

Before ruling on Sequip's objections, Judge Lenard referred the matter back to the Undersigned for a supplemental discovery order to clarify "whether property discovered during jurisdictional discovery may be attached pursuant to the Writ of Prejudgment Attachment." [ECF No. 96]. The answer is *yes*, but only *if* the Court disposes of the motion to dismiss in Sequip's favor, i.e., it finds that it has personal jurisdiction over Marinho.

As the facts outlined above demonstrate, Sequip did not articulate its objection over the use of the jurisdictional discovery to the Undersigned. To the contrary, Sequip's counsel said at the discovery hearing that his client was "*not* seeking information to execute on assets." [ECF No. 97, p. 58 (emphasis added)]. If anything, Marinho's counsel was the one who, in my words, was "tenacious" in raising concern over the use of discovery. [ECF No 97, p. 61]. And the attorneys apparently already agreed on the limited use of jurisdictional discovery, and it is only "now," in objections to a discovery ruling, that Sequip seeks an order modifying that agreement. [ECF No. 91, p. 3].

In any event, Sequip reads too much into the Undersigned's post-discovery administrative Order, which, in my view, does not conflict with Judge Lenard's

attachment Order. Sequip admits that if the "lawsuit is dismissed, [then] Sequip will not use the discovery obtained in collection efforts in Florida." [ECF No. 91, p. 2]. Attachments are part of the collection efforts. So while the motion to dismiss is pending, Sequip may not attach assets that came to its attention through jurisdictional discovery. Otherwise, the discovery would no longer be limited to jurisdiction, but would bleed into post-judgment execution.

The Undersigned's Order, however, does not forever immunize assets from execution simply because the assets were first discovered during jurisdictional discovery. Were that the case, then Marinho could, in theory, disclose every asset he owns and then be forever uncollectable. That was not the Undersigned's intent. Sequip's argument to the contrary is not a reasonable interpretation of the Undersigned's Order.

In sum, the Undersigned clarifies that property discovered during jurisdictional discovery *may* be attached under the Writ of Prejudgment Attachment, but not while the motion to dismiss is pending.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on September 20, 2018.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to**:
Honorable Joan A. Lenard
All counsel of record